IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TINA COLES,                              )
                                         )
            Plaintiff,                   )
                                         )        CIVIL ACTION
v.                                       )
                                         )        No. 17-1187-JWL
NANCY A. BERRYHILL,                      )
Acting Commissioner of Social Security,  )
                                         )
            Defendant.                   )
_____  )

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) consideration of the treating source opinion of Dr. Moreland, the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

I.      Background

Plaintiff argues that the ALJ erred when he discounted Dr. Moreland's medical opinion for the sole reason "that it was 'based on [Plaintiff's] subjective complaints

during the visit, rather than objective medical evidence.'" (Pl. Br. 12) (quoting R. 21). She seeks an order directing the payment of benefits or remand for further administrative proceedings. Id. at 17.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issue raised by Plaintiff, agrees that the ALJ erred in considering Dr. Moreland's opinion, and finds that remand is necessary.

## II.    Discussion

Plaintiff points out that the medical opinion of a treating source may be accorded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and if it is not inconsistent with the other substantial evidence in the record.  (Pl. Br. 11).  She argues that, in any case, a treating source opinion is generally worthy of deference.  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). Plaintiff argues that when, as happened here, an ALJ discounts a treating source opinion because it is based on a claimant's subjective complaints but does not provide a legal or evidentiary basis grounded in the record evidence for that finding, the court will find that rationale is merely impermissible speculation.  (Pl. Br. at 12) (citing Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004); McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002); and Victory v. Barnhart, 121 F. App'x. 819, 823–24 (10th Cir. 2005). Plaintiff argues that here the ALJ provided no other basis to discount Dr. Moreland's

opinion, and this case fits comfortably within this court's holding in <u>James v. Colvin</u>, CV 15-1379-JWL, 2016 WL 6267947, at *3 (D. Kan. Oct. 26, 2016).  (Pl. Br. 13).

The Commissioner argues that the ALJ reasonably evaluated Dr. Moreland's opinion.  (Comm'r Br. 4).  She argues that "[a]s the ALJ found, … Dr. Moreland based her opinion on Plaintiff's subjective complaints, which … the ALJ considered and reasonably found were not consistent with the objective and other evidence of record." <u>Id.</u> at 6 (citations omitted).  She points out inconsistencies between Dr. Moreland's opinion and other record evidence which, in her view justifies assigning only some weight to that opinion.  <u>Id.</u> at 6-8.  She distinguishes this court's opinion in <u>James</u> because here the ALJ did not discount Dr. Moreland's opinion solely because it relied on Plaintiff's subjective complaints, but "also noted that Dr. Moreland did not base her opinion on objective medical evidence." <u>Id.</u> at 8.  The Commissioner points to the reasons the ALJ found Plaintiff's subjective complaints are inconsistent with the record evidence and implies those are additional bases to find error in Dr. Moreland's reliance on Plaintiff's subjective complaints.  <u>Id.</u> at 8-12.

## A.    The ALJ's Evaluation of Dr. Moreland's Opinion

The ALJ evaluated Dr. Moreland's opinion in a single paragraph quoted in its entirety here:

> In treatment notes date[d] September 2013, primary care provider Kristina M. Moreland, MD opined that the Claimant has significant functional limitation due to pain; difficulty gripping and lifting objects; poor fine motor skills; an inability to sit for more than ten minutes due to back pain; and easy fatigue with minimal exertion (Exhibit B4F/25).  The undersigned has given this opinion some weight as it is based on a treating relationship. However, the limitations appear to have been based on the claimant's

subjective complaints during the visit, rather than objective medical evidence. Examination on that day showed diffuse tenderness to palpation of the paraspinal muscles, bilateral upper and lower extremities, bilateral hands, MCP's, and PIP's, as well as contractures, and tender nodules on the flexure surfaces of the hands bilaterally. Examination was otherwise normal with no findings of joint effusion (Exhibit B4F/23-24).

(R. 21).

### B.    Discounting a Medical Opinion as Based on Subjective Complaints

"In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports." McGoffin, 288 F.3d at 1252. Where the ALJ has no legal or evidentiary basis for finding that a treating physician's opinion is based only on a plaintiff's subjective complaints, his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin. Langley, 373 F.3d at 1121. Such a conclusion must be based upon evidence taken from the administrative record. Victory, 121 F. App'x at 823-24.

### C.    Analysis

The purpose of the rule in Langley and Victory is to ensure that a treating source opinion is discounted only for specific, legitimate reasons. All doctors seek a history and a recitation of symptoms whenever they treat a patient. And, no doubt they use that recitation as the starting point for their treatment. However, they recognize that a patient's perceptions are not always accurate and that there may be reasons of secondary gain in a patient's reports. A court may not assume a doctor naturally advocates her patient's cause or makes her assessments on the basis of advocacy. McGoffin, 288 F.3d at 1253 (citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987)). Therefore, the courts

require an ALJ to cite evidence in the record suggesting that the doctor ascribed excessive weight to the patient's complaints in a particular case. Here, the ALJ made the conclusory finding that the limitations Dr. Moreland assessed "appear to have been based on the claimant's subjective complaints during the visit, rather than objective medical evidence." (R. 21). The ALJ cites examination findings on the day Dr. Moreland expressed her opinion, but he does not explain the significance of any of the findings or how those findings suggest that Dr. Moreland relied merely on Plaintiff's subjective complaints, and he simply ignores that Dr. Moreland had been treating Plaintiff for six months before expressing this opinion in September 2013.

The Commissioner's attempt to distinguish this court's opinion in James on the basis that here the ALJ's rationale relied on both Plaintiff's subjective complaints and failed to rely on objective evidence is a distinction without a difference. As the court quoted above, the ALJ found that Dr. Moreland's opinion was "based on the claimant's subjective complaints during the visit, rather than objective medical evidence." (R. 21). The only evidence the ALJ clearly relied upon in finding that Dr. Moreland's opinion was not based on objective medical evidence was his finding that the opinion was based on Plaintiff's subjective complaints.

While the Commissioner is correct that the ALJ discounted Plaintiff's allegations of disabling symptoms because they are not fully consistent with the record evidence, that is only a reason to support the ALJ's evaluation of Dr. Moreland's opinion if he points to an evidentiary basis in the record to find that Dr. Moreland improperly relied on Plaintiff's subjective complaints. He has not done so, and the uncontradicted argument

that Plaintiff's allegations are inconsistent with the record evidence is a different question than whether Dr. Moreland improperly relied on those allegations. The record may contain bases to make such a finding, but the ALJ did not explain, cite to, or rely on any of those bases. Remand is necessary for a proper evaluation of Dr. Moreland's medical opinion.

The court notes that Plaintiff seeks an order from this court "[d]irecting the Commissioner to pay" DIB. (Pl. Br. 16-17). Plaintiff has waived this argument by failing to develop it. Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent with this opinion.

Dated May 22, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**